UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
* * * * * *

1800 MICHIGAN AVENUE LLC; 240 W
9 MILE LLC; AND 200 W MICHIGAN
AVENUE, LLC,

                 Case No.:
                 Hon.

        Plaintiffs,

v

THE UNITED STATES SMALL BUSINESS
ADMINISTRATION, and ISABELLA CASILLAS
GUZMAN, in her Official capacity as administrator
of the Small Business Administration,

        Defendants.
_____

Nicole M. McCarthy (P74913)
GROVER LEWIS JOHNSON
Attorneys for Plaintiff
2800 Livernois, Suite 130
Troy, MI  48083
248-509-7063
_____

## COMPLAINT FOR DECLARATORY RELIEF AND MONEY DAMAGES

NOW COME Plaintiffs, 1800 Michigan Avenue LLC; 240 W  9 Mile, LLC; and 200 W Michigan Avenue, LLC, by and through its attorneys, GROVER LEWIS JOHNSON and for its Complaint for Money Damages and Declaratory Relief and against Defendant, ISABELLA CASILLAS GUZMAN, in her Official capacity as administrator of the Small Business Administration, and the UNITED STATES SMALL BUSINESS ADMINISTRATION, states as follows:

## THE PARTIES

1. 1800 Michigan Avenue LLC; 240 W 9 Mile, LLC; and 200 W Michigan Avenue, LLC (hereinafter referred to as "Plaintiffs") are Michigan corporations, licensed to and conducting business in the State of Michigan and operating a chain of restaurants doing business as Bobcat Bonnie's. Their principle place of business is in the County of Oakland, State of Michigan.

2. The Small Business Administration (hereinafter referred to as "SBA") is an agency of the federal government headquartered in Washington, District of Columbia.

3. Isabella Casillas Guzman is the administrator of the Small Business Administration and on information and belief, is based in the Washington, District of Columbia.

## JURISDICTION & VENUE

4. Plaintiffs seek damages and declaratory relief both of which are within this Court's jurisdiction.

5. Defendant SBA is an agency of the federal government.

6. Ms. Guzman is an agent of the federal government in her capacity as the administrator of the SBA.

7. Jurisdiction is proper 15 USC §9009c where Plaintiff seeks monetary damages by way of monies promised by Defendants from the Restaurant Revitalization Fund.

8. Jurisdiction is proper under 5 USC §706 where Plaintiff seek to compel the Small Business Administration's action unlawfully withheld or unreasonable delayed.

*Grover Lewis Johnson*

9. Venue is proper pursuant to 28 USC §1391(a) because all or a substantial part of the transactions at issue took place within the Eastern District of Michigan.

## FACTUAL BACKGROUND

10. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1-9 above.

2

11. On March 11, 2021, the President signed the American Rescue Plan Act of 2021 (ARPA). H.R. 1319, 117th Cong. (2021). This included appropriations of $28,600,000,000.00 for a Restaurant Revitalization Fund (the "Fund") to be administered by the Administrator of the Small Business Administration in order to disburse monies to restaurants suffering pandemic-related revenue loss. 15 USC §9009c.

12. The purpose of the Fund is to provide emergency relief for eligible restaurants, bars, and other qualifying businesses impacted by COVID-19.

13. Plaintiffs applied for and were granted monies from the Fund.

14. Plaintiffs received unconditional written confirmation of the approval of monies from Defendants.

15. When funding was not received, Plaintiffs' representative received both written and oral confirmation that the monies were forthcoming.

16. Defendants have not dispersed monies from the Fund in violation of 15 USC §9009c.

## COUNT I
## EQUITABLE ESTOPPEL

17. Plaintiffs reallege and reincorporate by reference the allegations contained in paragraph 1-16 above.

18. After Plaintiffs' application was approved, Defendants made written and oral statements to Plaintiffs confirming the monies were forthcoming from the Fund, on multiple occasions, over a period of weeks and months.

19. Plaintiffs did then rely on the approvals and use the monies for the intended purpose including but not limited to the purchase of new equipment and supplies, and employee wages, in an amount exceeding $75,000.00.

20. Plaintiffs had no knowledge and should not have known that Defendants' statements were false.

*Grover Lewis Johnson*

21. Defendants inducement did result in monetary damages to Plaintiffs which previously relied on multiple assurances the monies were forthcoming.

22. An actual controversy exists between Plaintiffs and Defendants.

23. Defendants' unlawful withholding and delay of promised monies is contrary to 15 USC §9009c.

24. The SBA having already approved the monies for Plaintiffs and made several promises should be estopped from claiming now that Plaintiffs is otherwise not entitled to the monies.

## COUNT II
## DECLARATORY RELIEF

25. Plaintiffs reallege and reincorporate by reference the allegations contained in paragraph 1-24 above.

26. Defendants are in possession of monies promised to Plaintiffs pursuant to the Restaurant Revitalization Fund, administered by Defendants. 15 USC §9009c.

27. This court has the power to enforce Defendants' obligation to disperse the monies as promised. 5 USC §706.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court:

a. award the requested declaratory relief,

b. award damages in the exact amount of the promised monies, costs and attorney fees,

c. award all other relief the Court may deem just, proper or equitable.

*Grover Lewis Johnson*

Respectfully Submitted,
GROVER LEWIS JOHNSON

Dated: September 3, 2021              By: /s/ Nicole M. McCarthy
                                      Nicole M. McCarthy
                                      Michigan Bar No.: (P74913)
                                      Grover Lewis Johnson

4

2800 Livernois, Bldg. D, Suite 130
Troy, Michigan 48083
(248) 509-7063 / (248) 817-5643 fax
nmccarthy@groverlewisjohnson.com

*Grover*
*Lewis*
*Johnson*

5